The deft. appeared and denied the facts stated in the petition.
A case of extreme cruelty was fully made out by the proof. On the investigation of the husband's circumstances and of the property which came to him by the wife, testimony was offered in relation to waste committed by the husband on the wife's land before and since, these proceedings were instituted. It was objected to.
J.A. Bayard. The wife's real estate is, upon a divorce arising from the aggression of the husband, to be restored to her of course; the allowance above that, is to be made in reference to the personal property which came by her and to the husband's means at the time of the divorce. This is the measure of restitution pointed out by the act. (8 Del. Laws 148,) and the only object of the investigation into the husband's means. The issues of the wife's real estate during the marriage belong to the husband.
R.H. Bayard. The purview of the act relates to the advantages which the husband has derived from the wife's property. In proportion to that she is to be compensated. Whatever may be the view as to waste committed before the libel, waste done after ought certainly to be considered by the court in making an allowance to the wife.
Wales. We propose to show that on the commencement of these proceedings for divorce the respondent began a system of pillage of the wife's real estate by cutting timber, removing fences, c. The object of the testimony is to enable the court to reinstate the petitioner as near as possible to her condition before marriage.
J.A. Bayard. If you open the inquiry beyond the purposes mentioned in the act, where are you to stop? Why not go into an inquiry whether the husband cultivated the land in the best manner; the habits of the wife as to extravagance or otherwise, and the whole circle of examination into benefits or advantages which he may have derived from the marriage.
The Court. The husband would be entitled to all the proper issues from the wife's lands during the marriage; but if he has, since the filing the petition, wantonly wasted the inheritance, the court cannot restore her to all her lands and make a "reasonable allowance out of the husband's real and personal estate" without inquiring into and compensating her for this destruction.
Testimony admitted but confined to waste done since the petition was filed.
 Decree of Divorce.